IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Fields, ) | C/A No. 0:16-2463-TMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Cartledge, ) | |
| ) | |
| Respondent.. ) | |
| _____ ) | |

  Petitioner Anthony Fields, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The respondent has filed a motion for summary judgment. (ECF No. 12.) Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Fields was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 13.) Fields filed a response in opposition to the respondent's motion (ECF No. 21), and the respondent filed a reply and a supplemental reply (ECF Nos. 27 & 30). Having carefully considered the parties' submissions and the record in this case, the court is concerned that it may lack jurisdiction over this matter and concludes that further briefing is required on the respondent's motion for summary judgment—specifically, whether Fields is "in custody" pursuant to the conviction challenged in the instant Petition. 28 U.S.C. § 2254(a).

  At issue in this Petition is Fields's sentence in 1990 to ten years' incarceration suspended upon service of ninety days of shock probation. The sentence also included three years' supervision under the South Carolina Probation, Parole, and Pardon Services Board. (<u>See</u> ECF No. 11-3.) In

his reply brief, the respondent argues that "[i]t is unclear that this sentence would not be considered as served." (Respt.'s Reply, ECF No. 27 at 3.) However, the court notes that the South Carolina Department of Corrections' website[1] lists the sentences for the convictions at issue in the instant Petition as "active." (See Attach. at 1.) The "in custody" requirement for a federal habeas petition is jurisdictional. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989); see also Lackawana Cty. Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001).

Based on the foregoing, it is hereby

**ORDERED** that Fields shall have until **March 6, 2017** to file a supplemental memorandum of law addressing the issue of whether he is "in custody" pursuant to the sentence at issue such that he satisfies the jurisdictional requirement of § 2254(a). It is further

**ORDERED** that the respondent shall have seven days to file a response to Fields's supplemental memorandum.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 13, 2017
Columbia, South Carolina

---

[1] The court may take judicial notice of government websites. See Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (holding that a court may "properly take judicial notice of matters of public record"); Gasner v. Cty. of Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting district court to take judicial notice of public documents). The Inmate Search Detail Report for Petitioner Fields is attached hereto. See http://public.doc.state.sc.us/scdc-public/ (search by petitioner's name, then select "00200592 Fields, Anthony") (last visited February 13, 2017).